USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW MERCADO,

                Plaintiff,

-against-

SRG KISZKA, Chief Administration; OFFICER CATALETTI; and TOWN OF GOSHEN,

                Defendants.

21-CV-2121 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

        Plaintiff, currently detained at the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants tampered with his legal mail. By order dated May 21, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.    Claims against Town of Goshen**

Plaintiff sues the Town of Goshen, but he alleges no facts suggesting that the Town of Goshen or its employees were involved in any alleged violation of his rights. Instead, Plaintiff asserts claims arising from events that occurred at the Orange County Jail. Although it is located in the Town of Goshen, the Orange County Jail is a county facility and its employees are employed by Orange County. The Court therefore dismisses Plaintiff's claims against the Town of Goshen for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against Orange County, the Court construes the complaint as asserting claims against the Orange County, and directs the Clerk of Court to amend the caption of this action to replace the Town of Goshen with Orange County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Orange County may wish to assert.

**B.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Orange County, Sergeant Kiszka, and Officer Cataletti through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Town of Goshen. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add Orange County as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Orange County, Kiszka, and Cataletti, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 2, 2021
       White Plains, New York

                                                         NELSON S. ROMÁN
                                                         United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. The County of Orange
   Law Department
   255-275 Main Street
   Goshen, NY 10924

2. Sergeant Kiszka
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

3. Officer Cataletti
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924