UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW MERCADO,

                     Plaintiff,

  -against-

SRG KISZKA; OFFICER CATALETLI; and
ORANGE COUNTY,

                     Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/2022

No. 7:21-CV-2121 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Matthew Mercado ("Plaintiff" or "Mercado"), currently detained at Orange County Jail, brings this *pro se* action against Defendants Lt. Keith Kiszka (s/h/a Sgt. Kiszka), Capt. Catletti (s/h/a Officer Cataletli), and the County of Orange (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 alleging Defendants tampered with his legal mail and his grievances. Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (ECF No. 20.) For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

    The following facts are derived from a liberal interpretation of Plaintiff's allegations in his Complaint ("Compl.," ECF No. 1) and are assumed as true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F. 3d 220, 230 (2d Cir. 2016).

    Plaintiff Matthew L. Mercado was a pretrial detainee at Orange County Jail during the relevant period. (Compl. at 2.) Plaintiff alleges Defendants Lt. Keith Kiszka ("Kiszka"), Capt. Catletti ("Catletti"), and the County of Orange violated his constitutional rights. (*Id.* at 2–3.)

1

Plaintiff alleges that starting from December 2019, his legal mail and grievances have been tampered with on several occasions. (*Id.* at 4.) Plaintiff also alleges he had been denied a proper investigation as to his grievances. (*Id.*)

Plaintiff alleges on the morning of June 30, 2020, Officer Rodriguez came to his housing unit to deliver mail. (*Id.* at 7.) During this time, Officer Rodriguez stated to Plaintiff, "Mercado[,] something very shady is going on with your mail[.] Kiszka took it from me & wouldn't let me deliver it." (*Id.*) Later that day at 1:30 PM, Plaintiff was called to meet Officer Rodriguez and was told she "saw them" reading his mail and was told to lie to Plaintiff. (*Id.*) Plaintiff alleges Officer Rodriguez was instructed to tell the lie that "they took [his] mail saying [his] name & proper information was not noticeable. Meanwhile[,] they took [his] legal mail & read [its] contents to [his] legal cases & used the information." (*Id.*)

Plaintiff alleges Officer Rodriguez informed him Defendants Kiszka and Catletti opened his mail. (*Id.*) Plaintiff alleges his legal mail was tampered with to interfere with his lawsuits and grievances. (*Id.*) Plaintiff alleges Kiszka also lied to Plaintiff about investigating into the alleged mail tampering. (*Id.* at 8.) Plaintiff also alleges Kiszka failed to send out his grievances filed. (*Id.*) Plaintiff alleges Catletti violated his rights by not conducting any investigation and by not amending the facility policy regarding mail. (*Id.* at 9.)

Plaintiff alleges he has suffered mental anguish and anxiety because of knowing his mail and grievances were not being properly handled. (*Id.* at 5.) Plaintiff also alleges the interferences with his legal mail and grievance has caused dismissal of his ongoing legal procedures. (*Id.* at 10.) Attached to his Complaint were five Exhibits, which include a grievance filed on July 1, 2020 (Exhibit A), a letter that was allegedly opened by Defendants (Exhibit B), a mail that was allegedly never sent out (Exhibit C), two letters from the Commission of Judicial Conduct that were

2

allegedly withheld from Plaintiff for months (Exhibit D), and Plaintiff's mail log from March 1, 2020 to September 8, 2020 (Exhibit E).

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on March 11, 2021 against Kiszka, Catletti, and the Town of Goshen. (ECF No. 1.)  On June 2, 2021, this Court replaced the Town of Goshen with the County of Orange as a defendant after determining that the Orange County Jail is a county facility, even though it was located at the Town of Goshen. (ECF No. 7.)  The Court also ordered service on the three defendants. (*Id.*)  On December 16, 2021, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure (b)(6). (ECF No. 20.)  Plaintiff opposed the motion (ECF No. 24), and Defendants filed a reply in support of their motion (ECF No. 26).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 662, 678 (quoting *Twombly*, 550 U.S. at 555).  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly

3

liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In fact, courts must interpret the *pro se* plaintiff's pleading "to raise the strongest arguments that [he] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

Reading the Complaint liberally, *pro se* Plaintiff appears to be asserting Section 1983 claims against Defendants for mail tampering and for improper handling of his grievances in violations of his constitutional rights. (*See* Compl.) Defendants seek dismissal of Plaintiff's Complaint on the basis that his claims are all barred by collateral estoppel and res judicata. ("Defs. Mot.," ECF No. 22 at 4–5.)

### I.  Res Judicata

Defendants contend the Complaint is barred by res judicata, also known as claim preclusion. Rule 12(b)(6) warrants dismissal of a claim under the doctrine of res judicata where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). The doctrine of res judicata bars re-litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir.

4

2018) (citing *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)).

Defendants point out the Complaint is the third complaint filed by Plaintiff regarding the same incident and against the same defendants. (Defs. Mot. at 6.) Defendants argue Plaintiff's allegations in the instant action concern the same allegations he brought in *Mercado v. Town of Goshen, et al.*, No. 20-cv-5389 (LLS), in which Plaintiff sued the Town of Goshen, Orange County Jail Administration/Mail, Orange County Correctional Facility, and Chief Administrative Officer, Captain L. Catletti, Sergeant Kiska, and other individual defendants concerning a piece of his legal mail that was opened outside of his presence on June 30, 2020. (*Id.* at 6.) A review of Plaintiff's complaints filed in *Mercado v. Town of Goshen, et al.*[1] shows that indeed Plaintiff has already brought a prior action concerning the same alleged violations of his rights. (*See* ECF Nos. 1 & 8, No. 20-cv-5389.) In an initial complaint filed on July 9, 2020, Plaintiff alleged his legal mail was opened without his presence on June 30, 2020 and that Kiszka investigated his grievance on the issue and knew who opened his mail but refused to disclose the information. (ECF No. 1 at 4–5, No. 20-cv-5389). Plaintiff alleged the information in his legal mail was used "to warn the courts" and that his mail has been delayed and mailed out with delays on numerous occasions. (*Id.* at 5.) The initial complaint was dismissed by Judge Louis L. Stanton on August 12, 2020 and Plaintiff was granted leave to file an amended complaint to address the deficiencies. (*See* ECF No. 7, No. 20-cv-5389.) Plaintiff then filed an amended complaint on September 9, 2020. (ECF No. 8, No. 20-cv-5389.) Notably, substantial portions of Plaintiff's amended complaint in the prior action

---

[1] When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and which are either in the plaintiff's possession or which the plaintiff knew about when bringing suit or matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Brass v. Am. Film Techs, Inc.*, 987 F.2d 142, 150 (2d. Cir. 1993); *Winfield v. Citibank, N.A.*, 842 F. Supp. 2d 560, 564 (S.D.N.Y. 2012). The Court may consider documents from a prior action when considering a motion to dismiss under Rule 12(b)(6) based on res judicata. *Senatore v. Ocwen Loan Servicing, LLC*, No. 16-CV-8125(VB), 2017 WL 3836056, at *1 n.1 (S.D.N.Y., Aug. 30, 2017) (citing *TechnoMarine SA v. Giftports Inc.*, 758 F.3d 493, 498 (2d. Cir. 2014) and *Day v. Moscow*, 955 F.2d 807, 811 (2d. Cir. 1992)).

read nearly identical to the Complaint in the instant action. (*Compare* ECF No. 8 at 11–12, No. 20-cv-5389, *with* Compl. at 7–8.) Also like in the instant action, Plaintiff's amended complaint alleged defendants refusing to truthfully investigate his grievance, and that there was an alleged policy change to the facility regarding mail and grievance handling. (*See* ECF No. 8 at 5–7, No. 20-cv-5389.) On September 22, 2020, Judge Stanton dismissed the amended complaint because it had failed to cure the initial complaint's deficiencies. (ECF No. 9, No. 20-cv-5389.) Judge Stanton concluded Plaintiff had provided no facts that a defendant's alleged conduct resulted in actual injuries and that there were insufficient facts to indicate Plaintiff was subjected to regular and unjustifiable interference of his mail that affected with his ability to correspond with individuals outside of the jail. (*Id.* at 4.) Judge Stanton declined to grant Plaintiff another opportunity to amend because "the defects in Plaintiff's amended complaint cannot be cured with a further amendment." (*Id.* at 5.) Plaintiff appealed the district court's civil judgment entered that dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and asked to "reshow and introduce seriousness of violations of defendants." (*See* ECF Nos. 10–11, No. 20-cv-5389.) The Second Circuit denied Plaintiff's application and dismissed the appeal because it lacked an arguable basis in law or fact. (*See* ECF No. 12, No. 20-cv-5389.)

It is clear to this Court that Plaintiff has already brought the exact claims against Defendants Kiszka and Catletti in the instant action as those brought in his prior action. This is precisely what the doctrine of res judicata bars—relitigating of claims that were raised in an action that has already been adjudicated. *See Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997). The instant action involves the same "nucleus of operative fact" as in the prior suit. *See id.* Indeed, both actions involve Plaintiff's alleged legal mail opening on June 30, 2020 and the tampering of his mail and grievances during his time at Orange County Jail. Because

Plaintiff is bringing the same claims against Defendants Kiszka and Catletti that were already adjudicated upon by Judge Stanton,[2] all claims against Defendants Kiszka and Catletti are barred by res judicata and are dismissed with prejudice.

### II. Collateral Estoppel

Collateral estoppel, also known as issue preclusion, "foreclos[es] relitigation of a matter that has been indicated and decided." *Migra v. Warren City of Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 77 (1984). Under this doctrine, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). Collateral estoppel applies if: "(1) the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the prior proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (quoting *Interoceanica Corp.*, 107 F.3d at 91). Reading the complaint liberally, Plaintiff appears to allege that the municipality defendant had a policy, customs, or practice that violated his rights. (*See* Compl. at 4.) The issue of municipality liability had already been raised in the prior proceeding and adjudicated upon. Judge Stanton found that Plaintiff failed to allege the municipality caused a violation of his rights and his amended complaint also failed to

---

[2] "The general rule of res judicata is that a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action *between the same parties, or those in privity with them*, upon the same claim or demand." *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir. 1968) (emphasis added). Plaintiff's prior action was brought against various defendants, including the Town of Goshen, Orange County Correctional Facility, and Orange County Correctional Facility's Administration. (*See* ECF No. 1, No. 20-cv-5389.) Defendant Orange County was not sued as a defendant. Similarly, Plaintiff initially brought the instant action against Kiszka, Catletti, and the Town of Goshen. (*See* Compl.) This Court replaced the Town of Goshen with the County of Orange as defendant because of Plaintiff's "clear intention to assert claims against Orange County." (ECF No. 7 at 2.) Because of this procedural nuance, the Court analyzes the claims against the County of Orange under the doctrine of collateral estoppel and does not reach the issue of whether res judicata applies.

cure the defect. (*See* ECF Nos. 7 & 9, No. 20-cv-5389.) Accordingly, this Court finds that collateral estoppel bars Plaintiff's claims for municipal liability and dismisses his claims against the County of Orange with prejudice.[3]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's claims against all defendants are DISMISSED with prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20 and to terminate the action. The Clerk of Court is further directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

Dated:   August 30, 2022            SO ORDERED:
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[3] Because the Court dismisses Plaintiff's claims on res judicata and collateral estoppel grounds, it need not reach the other arguments set forth in Defendants' motion to dismiss.

8